IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SENRICK SHERN WILKERSON,       §
                               §
          Plaintiff,           §
                               §
v.                             §        No. 3:13-cv-1326-M (BF)
                               §
CRAIG M. WATKINS,              §
                               §
          Defendant.           §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and, alternatively, under Fed. R. Civ. P. 12(b)(2) and (5) for insufficient service of process. The findings, conclusions, and recommendation of the Magistrate Judge are as follow:

#### Background

This is a *pro se* civil rights action brought by Senrick Shern Wilkerson, an inmate at the Holliday Unit of the TDCJ-CID, against Dallas County Criminal District Attorney Craig Watkins. In December 2010, Plaintiff was convicted on charges of sexual assault of a child, sexual performance by a child, and compelling prostitution. He was sentenced to eight years confinement. Plaintiff contends that his convictions for sexual assault of a child and sexual performance by a child are unlawful because he was never arrested for or specifically arraigned on such charges. Plaintiff argues that Defendant is responsible for his allegedly wrongful convictions because "his name is listed on all of the[ ] indictments." Plaintiff attempted to serve Defendant by sending a copy of the

summons and his complaint by regular mail to Defendant at his business office. Later, Plaintiff attempted to serve Defendant by having his sister personally deliver copies of the summons and his complaint to an assistant district attorney.

This is not the first time Plaintiff has filed a civil rights action challenging his convictions for sexual assault of a child and sexual performance by a child. As Defendant points out, Plaintiff previously filed a lawsuit against the assistant district attorney who prosecuted him, various law enforcement officers, his defense counsel, and the complaining witness alleging that he was wrongfully arrested and convicted, denied due process, and provided ineffective assistance of counsel. *See Wilkerson v. Grona-Robb, et. al,* No. 3:11-CV-1242-N (N.D. Tex.). That case was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B). *Id.*, Judgment dated 11/10/11. Defendant now moves to dismiss the instant lawsuit because Plaintiff's claims are barred by the doctrine of res judicata, the rule in *Heck v. Humphrey*, and on immunity grounds or, alternatively, for improper service of process. The issues have been fully briefed,[1] and the motion is ripe for determination.

### Legal Standards

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell*

---

[1] The Court construed Plaintiff's Motion to Proceed with his Civil Action under 42 U.S.C. § 1983 (Doc. 109) as a response to Defendant's motion to dismiss and carefully considered the arguments therein in making its findings, conclusions, and recommendation.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Dismissal for failure to state a claim is also appropriate when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co. v. Congressional Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Meyer v. Textron, Inc.*, No. 13-10023, 2013 WL 5461840, at *1 (N.D. Tex. Oct. 2, 2013) (res judicata may be properly raised on a motion to dismiss when the relevant facts are admitted, uncontroverted, or conclusively established). In ruling on the motion to dismiss, the Court may consider, among other things, documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts ... which were matters of public record directly relevant to the issue at hand.").

## Analysis

The doctrine of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*,

428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions

are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the

prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction;

(3) there has been a final judgment on the merits; and (4) the same claim or cause of action is

involved in both suits. *Id.*; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

In order to determine whether both suits involve the same claim or cause of action, the court uses

a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect
> extends to all rights of the plaintiff with respect to all or any part of
> the transaction, or series of connected transactions, out of which the
> original action arose. What grouping of facts constitutes a
> "transaction" or a "series of transactions" must be determined
> pragmatically, giving weight to such considerations as whether the
> facts are related in time, space, origin, or motivation, whether they
> form a convenient trial unit, and whether their treatment as a unit
> conforms to the parties' expectations or business understanding or
> usage. If a party can only win the suit by convincing the court that the
> prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits

are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.*, 482

F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir.

2004).

All four requirements of res judicata are met here. This lawsuit arises from the same state

court trial and resulting convictions that were the subject of Plaintiff's earlier suit against Assistant

District Attorney Brooke Grona-Robb and others. The earlier case was dismissed on the merits by

a final judgment rendered by another court in this District. *Wilkerson v. Grona-Robb, et. al,* No.

3:11-CV-1242-N (N.D. Tex. Nov. 10, 2011) (Doc. 12). Although Defendant was not a party to the

prior action, he and ADA Grona-Robb both acted on behalf of the state in prosecuting Plaintiff. Defendant and Grona-Robb thus represent the same legal interests with respect to the subject matter involved and are in privity for res judicata purposes. *Cf. Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) ("[A] judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."). Even if Plaintiff does not assert identical claims against Defendant as he did against the prosecutor in his earlier case, it is clear that both the instant action and the prior litigation arise out of the "same nucleus of operative facts." Consequently, this case is barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."); *see also Bazemore v. Buie*, No. 3:10-CV-1505-M, 2010 WL 4628102 (N.D. Tex. Aug. 18, 2010), *rec. adopted in relevant part*, 2010 WL 4627659 (N.D. Tex. Nov. 2, 2010) (dismissing *pro se* prisoner civil rights action on res judicata grounds).

Moreover, Plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 512 U.S. at 487. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred. *Id.*; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000). Plaintiff generally alleges that his civil rights were violated because he was wrongfully convicted of sexual assault of a child and sexual performance by a child without ever having been arrested or arraigned on such charges. (*See*

5

Plf. Compl. at 3, ¶ IV.B & 4, ¶ V). These claims necessarily imply the invalidity of Plaintiff's conviction. However, Plaintiff has not shown that his conviction has been declared invalid by a state tribunal or federal court. Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See, e.g., Gray v. Hensilee*, No. 3:02-CV-2691-M, 2003 WL 22300148, at *2 (N.D. Tex. Oct. 3, 2003) (claims that defendants conspired to improperly arraign and convict plaintiff on charges of forgery of a government document and bail jumping, that the indictments were defective, and that the grand jury followed improper procedures all barred by *Heck*). The District Court should grant Defendant's motion to dismiss.

### Sanctions

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3:03-CV-0768-P, 2003 WL 21448362, at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL21488150 (N.D. Tex. May 15, 2003) (quoting *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989)). Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See id.* (citing cases).

This is the ninth civil action Plaintiff has filed in an attempt to challenge his convictions for sexual assault of a child and sexual performance by a child. *See Wilkerson v. Brooke, et. al*, No.

3:11-CV-659-B (N.D. Tex.); *Wilkerson v. Grona-Robb, et. al*, No. 3:11-CV-1242-N (N.D. Tex.);

*Wilkerson v. Texas, et. al*, No. 3:12-CV-1830-L (N.D. Tex.); *Wilkerson v. Dallas Police Dep't, et. al*, No. 3:12-CV-1832-K (N.D. Tex.); *Wilkerson v. Thaler*, No. 3:13-CV-1694-M (N.D. Tex.);

*Wilkerson v. Dallas County Courts, et. al*, No. 3:13-CV-1852-M (N.D. Tex.); *Wilkerson v. Texas*, No. 3:13-CV-2634-O (N.D. Tex.); and *Wilkerson v. Texas, et. al*, No. 3:13-CV-4217-O (N.D. Tex.).

Most of his other lawsuits were dismissed as frivolous or malicious. On at least two prior occasions, Plaintiff was warned "that if he files any further civil suits raising claims regarding his criminal trial and convictions, he could be subject to monetary sanctions." *Wilkerson v. Dallas Police Dep't*, No. 3:12-CV-1832-K, (N.D. Tex. July 12, 2012); *Wilkerson v. Texas*, No. 3:12-CV-1830-L (N.D. Tex. July 31, 2012). Plaintiff ignored those warnings when he filed this case and four other cases which have since been dismissed. In view of this conduct, Plaintiff should be sanctioned $200.00 and barred from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's motion to dismiss (Doc. 94) and DISMISS Plaintiff's complaint with prejudice. In addition, Plaintiff should be sanctioned $200.00 and barred from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge.

SO RECOMMENDED, November 20, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).